NUMBER 13-06-367-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PAUL C. TANG AND

STACY J. HAIGNEY, Appellants,


v.


EVANGELINA GARCIA

AND KEITH LIVESAY, Appellees.

 


On appeal from the County Court at Law No. 5 


of Hidalgo County, Texas.

 

 

CONCURRING MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Concurring Memorandum Opinion by Justice Yañez 



 The majority holds that the fiduciary-shield doctrine shields appellants, Paul Tang
and Stacy Haigney, from suit in Texas. I would hold that the fiduciary-shield doctrine is
inapplicable. I would also hold, however, that the trial court erred in denying appellants'
plea to the jurisdiction because appellants' single contact with Texas does not satisfy the
"purposeful availment" standards established by the Texas Supreme Court. (1) 

 The fiduciary-shield doctrine protects a corporate officer or employee from a trial
court's exercise of general jurisdiction when all of an individual's contacts with Texas are
on behalf of his employer. (2) The fiduciary-shield doctrine has not been expressly adopted
by the Texas Supreme Court. (3) As this Court has noted, intermediate appellate courts that
have applied the fiduciary-shield doctrine have limited its application to jurisdictional claims
based on the theory of general jurisdiction as opposed to specific jurisdiction. (4) Moreover,
the fiduciary-shield doctrine does not protect an employee from specific personal
jurisdiction as to intentional torts or fraudulent acts for which the employee may be held
individually liable. (5) 

 Here, Garcia's counter-claims against appellants are based on "various telephone
calls" appellants allegedly made to Garcia's former trial counsel. Garcia claims that during
the calls, appellants negotiated a settlement (without any intent to honor the terms of the
agreement) and promised to send a check directly to her counsel. (6) Thus, Garcia's counter-claims allege a basis for asserting only specific jurisdiction, because the claims arise from
or relate to appellants' telephone calls to Texas. The majority cites no authority for
application of the fiduciary-shield doctrine to the exercise of specific jurisdiction. Based on
precedent from this Court and other intermediate appellate courts, I would hold that the
fiduciary-shield doctrine is inapplicable.

 The "purposeful availment" requirement has been characterized by the Texas
Supreme Court as the "touchstone of jurisdictional due process." (7) There are three
important aspects of the purposeful availment inquiry: (1) only the defendant's contacts
with the forum count; (2) the acts relied on must be "purposeful," rather than fortuitous; and
(3) the defendant "must seek some benefit, advantage, or profit by 'availing' itself of the
jurisdiction." (8) 

 At the special appearance hearing, appellants argued that they do not meet the
"purposeful availment" standards under Michiana. (9) Garcia relied on Calder v. Jones, 465
U.S. 783, 789-90 (1984), in which the United States Supreme Court found specific
jurisdiction based on a defendant's intentionally directing wrongdoing at the forum state. (10) 
Garcia argued that under the "effects test," jurisdiction is proper over a defendant where
the effects of the defendant's wrongful conduct were intentionally directed toward the state.

 As the Austin Court of Appeals has noted: 

The Michiana Court, however, specifically addressed Calder and confined
the applicability of its analysis to cases like Calder where the impact of the
nonresidents' activity was tremendous enough to constitute a "substantial
presence" in the forum, and the nonresidents could "reasonably anticipate
being haled into court there" because they were well-aware of the impact
their conduct would have in the forum. The court explained that "the
important factor [in Calder] was the extent of the defendant's activities, not
merely the residence of the victim." (11) 


The Fourteenth Court of Appeals has similarly interpreted Michiana:

[I]n Michiana, the Texas Supreme Court expressly rejected personal
jurisdiction based solely on the effects or consequences of an alleged tort
committed in another forum that had repercussions in Texas. Instead of
considering whether a tort was directed to Texas, the Texas Supreme Court
explained that courts should limit their jurisdictional evaluations to the actual
business contacts rather than on what the parties thought, said, or
intended. (12) 


 In Kincaid, this Court found the trial court had specific jurisdiction over non-resident
lawyers based on the lawyers' pro hac vice appearances in bankruptcy court and several
litigation-related trips to Texas for hearings and meetings. (13) The plaintiffs' claims included
allegations of fraud, legal malpractice, and conflicts of interest. (14) In finding jurisdiction, we
noted that the "allegations specifically focus on the effects of the conflicts of interest on the
Lawyers' advice with respect to a court-ordered settlement conference held in Texas." (15) 
I believe that Kincaid was rightly decided, but fear that its holding has been undermined
by the requirements of Michiana. I agree with the dissenters in Michiana that "[w]hen a
defendant purposefully directs tortious conduct at a forum, whether in person, by
correspondence, or in a single phone call, that defendant should expect to be subject to
the forum's jurisdiction." (16) Regrettably, this Court is bound by the majority's holding.

 I conclude that under Michiana, the appellants' only alleged contact--several
telephone calls to Texas--does not constitute "purposeful availment" and is therefore
insufficient to confer jurisdiction on Texas courts. (17) Accordingly, I would reverse and
render judgment dismissing for lack of personal jurisdiction. 


 

 _______________________

 LINDA REYNA YAÑEZ,

 Justice





Concurring Memorandum Opinion delivered 

and filed this the 2nd day of August, 2007. 
1. See Michiana Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 784-85 (Tex. 2005).
2. Wright v. Sage Eng'g, Inc., 137 S.W.3d 238, 250 (Tex. App.-Houston [1st Dist.] 2004, no pet.);
Jackson v. Kincaid, 122 S.W.3d 440, 448 (Tex. App.-Corpus Christi 2003, pet. granted, judgm't vacated
w.r.m.); SITQ E.U., Inc. v. Reata Rests., Inc., 111 S.W.3d 638, 650-51 (Tex. App.-Fort Worth 2003, pet.
denied); Brown v. Gen. Brick Sales, Co., 39 S.W.3d 291, 297-98 (Tex. App.-Fort Worth 2001, no pet.). 
3. Kincaid, 122 S.W.3d at 448 (citing Brown, 39 S.W.3d at 300). 
4. Id.; Wright, 137 S.W.3d at 250; Reata Rests., Inc., 111 S.W.3d at 651 (citing Brown, 39 S.W.3d at
300; Garner v. Furmanite Australia Pty., Ltd., 966 S.W.2d 798, 803 (Tex. App.-Houston [1st Dist.] 1998, pet.
denied)); but see D.H. Blair Inv. Banking Corp. v. Reardon, 97 S.W.3d 269, 278 (Tex. App.-Houston [14th
Dist.] 2002, pet. dism'd w.o.j.) (analyzing fiduciary-shield doctrine in context of specific jurisdiction, but
concluding that doctrine did not apply). 
5. Kincaid, 122 S.W.3d at 448
. At the hearing on appellants' special appearance, Garcia's counsel
stated that appellants were brought into the case because "they are and can be individually liable for the
actions that they took." Also at the hearing, the Intervenor, Mr. Keith Livesay, told the court that "We don't
seek to hold [appellants] liable for what Burlington Coat Factory did. [Appellants] personally were part of the
fraud."
6. The record contains the affidavit of Garcia's former trial counsel, William E. Corcoran.
7. Michiana, 168 S.W.3d at 784. 
8. Id. at 785. 
9. See id. 
10. Calder v. Jones, 465 U.S. 783, 788-90 (1984) (holding California had jurisdiction over nonresident
publishers of allegedly libelous story written about Californian with knowledge that it would have widest
distribution in forum and severe impact on resident's career in California-based entertainment industry). 
11. Niehaus v. Cedar Bridge, Inc., 208 S.W.3d 575, 584 (Tex. App.-Austin 2006, no pet.) (emphasis
added) (internal citations omitted). 
12. Cerbone v. Farb, No. 14-06-00666-CV, 2007 Tex. App. LEXIS 3521, at **20-21 (Tex. App.-Houston
[14th Dist.] May 8, 2007, no pet. h.) (internal citations omitted). 
13. See Kincaid, 122 S.W.3d at 450.
14. Id. at 444.
15. Id. at 450.
16. Michiana, 168 S.W.3d at 796 (Medina, J., dissenting).
17. See id. at 790-92.